**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21141

BARSHAY
RIZZO &
LOPEZ
BRL
ATTORNEYS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

| | |
|---|---|
| Lisa M. Schultz, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Firstsource Advantage, LLC and LVNV Funding, LLC | |
| Defendants. | |

Plaintiff Lisa M. Schultz, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Firstsource Advantage, LLC and LVNV Funding, LLC as follows:

### INTRODUCTION

1.     This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3.      This court has jurisdiction over defendants Firstsource Advantage, LLC and LVNV Funding, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

4.      Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5.      Plaintiff Lisa M. Schultz ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7.      Defendant Firstsource Advantage, LLC ("Firstsource") is a company existing under the laws of the State of New York, with its principal place of business in Amherst, New York.

8.      Firstsource has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9.      Firstsource regularly collects or attempts to collect debts asserted to be owed to others.

10.     Firstsource is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Firstsource's businesses is the collection of such debts.

12.     Firstsource uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13.     Firstsource is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     Defendant LVNV Funding, LLC ("LVNV") is a company existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.

15.     LVNV has transacted business within this state as is more fully set forth hereinafter

in this Complaint.

16.     LVNV regularly collects or attempts to collect debts asserted to be owed to others.

17.     LVNV is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18.     The principal purpose of LVNV's  businesses is the collection of such debts.

19.     LVNV uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20.     LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.     The acts of Firstsource and LVNV (collectively, "Defendants") as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22.     Defendants allege Plaintiff owes $416.64  to LVNV ("the alleged Debt").

23.     Plaintiff did not owe $416.64 ("the Claimed Amount") to LVNV.

24.     Plaintiff did not owe money to LVNV.

25.     Plaintiff was never indebted to LVNV.

26.     Plaintiff did not owe the alleged Debt to LVNV.

27.     LVNV never offered to extend credit to Plaintiff.

28.     LVNV never extended credit to Plaintiff.

29.     Plaintiff was never involved in any transaction with LVNV.

30.     Plaintiff never entered into any contract with LVNV.

31.     Plaintiff never did any business with LVNV.

32.     Plaintiff was never advised by anyone that the alleged Debt was sold to LVNV.

33.     Plaintiff was never advised by anyone that the alleged Debt was assigned to LVNV.

34.     Plaintiff was never advised by anyone that the alleged Debt was transferred LVNV.

35.     Plaintiff was never advised by anyone that the alleged Debt was acquired by LVNV.

36.     Plaintiff was never advised by LVNV that the alleged Debt was sold to it.

37.     Plaintiff was never advised by LVNV that the alleged Debt was assigned to it.

38.     Plaintiff was never advised by LVNV that the alleged Debt was transferred to it.

39.     Plaintiff was never advised by LVNV that the alleged Debt was acquired by it.

40.     LVNV is a stranger to Plaintiff.

41.     Upon information and belief, LVNV does not possess competent proof that any entity assigned to it all of that entity's interest in the alleged Debt.

42.     Upon information and belief, LVNV does not possess competent proof that any entity assigned to it the right to any proceeds from the alleged Debt.

43.     Upon information and belief, LVNV does not possess competent business records concerning the alleged Debt from any entity that owned the alleged Debt.

44.     Upon information and belief, LVNV does not possess personal knowledge of the facts set forth in any business records concerning the alleged Debt received from any entity that owned the alleged Debt.

45.     Upon information and belief, LVNV does not possess any credit agreement between Plaintiff and any entity that owned the alleged Debt.

46.     Upon information and belief, LVNV does not possess any competent proof that Plaintiff agreed to pay the alleged Debt.

47.     Upon information and belief, LVNV does not possess any competent proof that Plaintiff is obligated to pay the alleged Debt.

48.     Upon information and belief, LVNV does not possess any competent proof that Plaintiff owed the Claimed Amount at the time LVNV ostensibly acquired the alleged Debt.

49.     Upon information and belief, LVNV does not possess any competent proof that the Claimed Amount was accurate at the time LVNV ostensibly acquired the alleged Debt.

50.     Upon information and belief, LVNV holds no legal right, title or interest in any debt Plaintiff allegedly owed.

51.     The alleged Debt does not arise from any business enterprise of Plaintiff.

52.     The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

53.     At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to by LVNV to Firstsource for collection.

54.     At the time the alleged Debt was assigned or otherwise transferred to Firstsource for collection, the alleged Debt was in default.

55.     In its efforts to collect the alleged Debt, Firstsource decided to contact Plaintiff by written correspondence.

56.     Rather than preparing and mailing such written correspondence to Plaintiff on its own, Firstsource decided to utilize a third-party vendor to perform such activities on its behalf.

57.     As part of its utilization of the third-party vendor, Firstsource conveyed information regarding the alleged Debt to the third-party vendor.

58.     The information conveyed by Firstsource to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

5

59.     Defendants' conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

60.     The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendants' direction.

61.     That letter, dated December 7, 2020, was received and read by Plaintiff.  (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

62.     The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

63.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

65.     The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

66.     Plaintiff never consented to Defendants' communication with the third-party vendor concerning the alleged Debt.

67.     Plaintiff never consented to Defendants' communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

68.     Plaintiff never consented to Defendants' communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

69.     Upon information and belief, Defendants have utilized a third-party vendor for these purposes thousands of times.

70.     Defendants utilize a third-party vendor in this regard for the sole purpose of maximizing their profits.

71.     Defendants utilize a third-party vendor without regard to the propriety and privacy of the information which they disclose to such third-party.

72.     Defendants utilize a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendants' unauthorized disclosure of such private and sensitive information.

73.     Defendants violated 15 U.S.C. § 1692c(b) when they disclosed information about Plaintiff's alleged Debt to the third-party vendor.

74.     15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

75.     The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

76.     Defendants disclosed Plaintiff's private and sensitive information to the third-party vendor.

77.     Defendants violated 15 U.S.C. § 1692c(b) when they disclosed information about Plaintiff's alleged Debt to the third-party vendor.

78.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692c(b) and 1692f and are liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

79.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

80. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

81. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

82. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

83. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

84. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

85. As set forth in paragraphs 22 through 50 of this Complaint, Plaintiff did not owe the Claimed Amount.

86. As set forth in paragraphs 22 through 50 of this Complaint, Plaintiff did not owe money to LVNV Funding, LLC.

87. As such, Defendants' allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

88. Defendants' allegation that Plaintiff owed money to LVNV Funding, LLC is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

89.     Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

90.     Defendants' allegation that Plaintiff owed money to LVNV Funding, LLC is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

91.     Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

92.     Defendants' allegation that Plaintiff owed money to LVNV Funding, LLC is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

93.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

94.     Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the County of Suffolk.

95.     Plaintiff seeks to certify a class of:

> i.  All consumers where Defendants sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

96.     This action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

97.     The Class consists of more than thirty-five persons.

98.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual

issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

99.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

100.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

101.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a.  Certifying this action as a class action; and

b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c.  Finding Defendants' actions violate the FDCPA; and

d.  Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e.  Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. §

1692k, calculated on a "lodestar" basis; and

f.   Awarding the costs of this action to Plaintiff; and

g.   Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h.   Such other and further relief that the Court determines is just and proper.

DATED: April 22, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By:  s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21141
*Attorneys for Plaintiff*